**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**RICHMOND DIVISION**

| | |
|---|---|
| **IN RE:** ) | |
| ) | **Case No.: 18-36255-KRH** |
| **DAWNA URSO COX** ) | **Chapter 13** |
| ) | |
| **Debtor** ) | |

| | |
|---|---|
| **DAWNA URSO COX** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **APN: 19-03003-KRH** |
| ) | |
| **KEN PRICE** ) | |
| ) | |
| **and** ) | |
| ) | |
| **TIMOTHY S. FEEHAN, TRUSTEE,** ) | |
| ) | |
| **Defendants.** ) | |

**DEFENDANT KEN PRICE'S ANSWER TO PLAINTIFF'S COMPLAINT**
**TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF LIENS**

The Defendants, Ken Price, for his Answer to Plaintiff's Complaint to Determine the

Validity, Priority or Extent of Liens, states as follows:

1. Mr. Price admits the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Mr. Price admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Mr. Price admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Mr. Price admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Mr. Price lacks knowledge or information sufficient to form a belief as to the truth of

   the allegations of paragraph 5 of Plaintiff's Complaint and therefore denies them and

   demands strict proof thereof.

6.  Mr. Price denies the truth of the allegations of paragraph 6 of Plaintiff's Complaint. Specifically, Mr. Price asserts that the appropriate value of the promissory note is $50,000 only until sale of the Morningside property, and then $60,000.00 upon sale of the Morningside property.

7.  Mr. Price admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8.  Mr. Price denies the truth of the allegations set forth in paragraph 8 of Plaintiff's Complaint, and specifically alleges in response that the value of the Property exceeds the balance of the first deed of trust as stated in paragraph 5 of the Plaintiff's Complaint.

9.  Mr. Price denies the allegations set forth in paragraph 9 of Plaintiff's Complaint and demands strict proof thereof.

WHEREFORE, Ken Price respectfully requests that this Court deny Plaintiff's prayer for relief and declare that the Second Deed of Trust is secured, that the Second Deed of Trust should be treated as secured in Plaintiff's Chapter 13 Plan, and for such other relief as the Court may deem appropriate.

Dated February 15, 2019

Respectfully submitted,

KEN PRICE
By Counsel

/s/
_____
Benjamin M. Andrews (VSB No.77824)
5711 Greendale Road
Henrico, VA 23228
benjamin@andrewsbrownlaw.com
804-918-2091
FAX 888-568-2684

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2019, I filed the foregoing with the

Clerk of Court, who will then send notification of such filing (NEF) via the CM/ECF system to

the following:

James E. Kane
Kane & Papa, P.C.
1313 East Cary Street
Richmond, Virginia 23219
804-225-9500
Facsimile 804-225-9598
jkane@kaneandpapa.com