IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) Case No.: 18-36255-KRH |
| DAWNA URSO COX | ) Chapter 13 |
| | ) |
| Debtor | ) |

| | |
|---|---|
| DAWNA URSO COX | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) APN: 19-03003-KRH |
| | ) |
| KEN PRICE | ) |
| | ) |
| and | ) |
| | ) |
| TIMOTHY S. FEEHAN, TRUSTEE, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANT TIMOTHY S. FEEHAN'S ANSWER TO PLAINTIFF'S COMPLAINT TO DETERMINE THE VALIDITY, PRIORITY OR EXTENT OF LIENS

The Defendant, Timothy S. Feehan, in his capacity as Trustee of a certain Deed of Trust relating to the property that is the subject of Plaintiff's immediate Complaint, for his Answer to Plaintiff's Complaint to Determine the Validity, Priority or Extent of Liens, states as follows:

1. Mr. Feehan admits the allegations set forth in paragraph 1 of Plaintiff's Complaint.

2. Mr. Feehan admits the allegations set forth in paragraph 2 of Plaintiff's Complaint.

3. Mr. Feehan admits the allegations set forth in paragraph 3 of Plaintiff's Complaint.

4. Mr. Feehan admits the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. Mr. Feehan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 5 of Plaintiff's Complaint and therefore denies them and demands strict proof thereof.

6. Mr. Feehan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 6 of Plaintiff's Complaint and therefore denies them and demands strict proof thereof.

7. Mr. Feehan admits the allegations set forth in paragraph 7 of Plaintiff's Complaint.

8. Mr. Feehan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 8 of Plaintiff's Complaint and therefore denies them and demands strict proof thereof.

9. Mr. Feehan lacks knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 9 of Plaintiff's Complaint and therefore denies them and demands strict proof thereof.

WHEREFORE, Timothy S. Feehan, in his capacity as Trustee of the Second Deed of Trust, respectfully requests that this Court deny Plaintiff's prayer for relief and declare that the Second Deed of Trust is secured, that the Second Deed of Trust should be treated as secured in Plaintiff's Chapter 13 Plan, and for such other relief as the Court may deem appropriate.

Dated February 15, 2019

Respectfully submitted,

TIMOTHY S. FEEHAN
By Counsel

/s/ *[signature]*
_____
Benjamin M. Andrews (VSB No.77824)
5711 Greendale Road
Henrico, VA 23228
benjamin@andrewsbrownlaw.com
804-918-2091
FAX 888-568-2684

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of February, 2019, I filed the foregoing with the Clerk of Court, who will then send notification of such filing (NEF) via the CM/ECF system to the following:

James E. Kane
Kane & Papa, P.C.
1313 East Cary Street
Richmond, Virginia 23219
804-225-9500
Facsimile 804-225-9598
jkane@kaneandpapa.com